UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BLACKMON,

        Petitioner,

                                            CIVIL ACTION NO. 03-CV-71206-DT
v.                                          HONORABLE ARTHUR J. TARNOW

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER DENYING RULE 60(d) MOTION

Petitioner has filed a pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d) concerning his federal habeas proceedings. On December 22, 2010, this Court conditionally granted his amended petition for a writ of habeas corpus on claims concerning the improper admission of gang evidence and related prosecutorial misconduct. The United States Court of Appeals for the Sixth Circuit, however, reversed that decision and remanded the case for entry of an order denying the petition. *Blackmon v. Booker*, 696 F.3d 536 (6th Cir. 2012). On November 19, 2012, this Court entered the requisite order denying the petition. The United States Supreme Court subsequently denied certiorari. *Blackmon v. Booker*, _U.S. _, 133 S. Ct. 1501 (March 4, 2013).

In his motion, Petitioner asserts that the State committed a fraud upon this Court by stating: "In opening statements, the Prosecutor stated that witnesses would testify that Petitioner was a member of the Schoolcraft Boys gang, which was a rival to the people living on Woodmont where the shooting occurred." Motion, p. 2. Although not entirely clear from the motion, Petitioner seems to be challenging the prosecutor's gang affiliation references at trial and/or the State's briefs referencing such matters on habeas review. Petitioner claims

that this Court relied upon such "fraud," without conducting an evidentiary hearing, which caused the Sixth Circuit to reverse the Court's grant of habeas relief.

Federal Rule of Civil Procedure 60(d) provides:

Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594-95 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice." *Id*. (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id.* at 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

As an initial matter, the Court questions whether Petitioner's motion is properly before this Court given that the Court granted him habeas relief on his claims and the Sixth Circuit

2

reversed that decision. Petitioner fails to show that he is entitled to relief from judgment under Rule 60(d). Rather, he merely re-argues issues previously addressed by the Court and/or raises issues which could have been presented in his initial habeas proceeding. His allegations do not warrant the extraordinary remedy he seeks in this action. Petitioner has not shown that the Court erred, that he is actually innocent, or that he is otherwise entitled to relief under Rule 60(d). Accordingly, the Court **DENIES** Petitioner's motion.

Before Petitioner may appeal, a certificate of appealability must issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60 motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08-CV-11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, No. 05-CV-73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010)

3

(both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Having considered the matter, the Court concludes that Petitioner has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion. Accordingly, the Court **DENIES** a certificate of appealability.  This case remains closed.

    **IT IS SO ORDERED**.


                    S/Arthur J. Tarnow
                    Arthur J. Tarnow
                    Senior United States District Judge

Dated:  May 21, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 21, 2014, by electronic and/or ordinary mail.

                    S/Catherine A. Pickles
                    Judicial Assistant